UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMARPREET SINGH VIRK,

        Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 08-72670

Agency No. A095-599-564

ORDER

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

The government's petition for panel rehearing is granted.

The memorandum disposition filed on August 16, 2011 is withdrawn. A replacement memorandum disposition denying the petition for review is being filed concurrently with this order.

Any further petition for panel rehearing may be filed within 45 days of the filing of this order.

# FILED

**NOT FOR PUBLICATION**

AUG 29 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMARPREET SINGH VIRK, | No. 08-72670 |
| Petitioner, | Agency No. A095-599-564 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Amarpreet Singh Virk, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's determination that the presumption of countrywide persecution was rebutted by evidence Virk could reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(i)(B). Specifically, the 2004 United Kingdom report states Indian citizens, including Sikhs, can move freely thoughout the country, and that local police do not have the resources or ability to perform checks on people arriving from other parts of India. We reject Virk's contention that the agency failed to properly apply the presumption of country-wide persecution, and we reject his contention that the agency erred by requiring Virk rather than DHS to prove internal relocation was reasonable, because the agency explicitly applied the proper presumption and burden of proof. Accordingly, Virk's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Virk failed to demonstrate it was more likely than not he will be tortured if returned to India. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122-23 (9th Cir. 2004) (denying CAT relief based on the possibility of internal relocation).

**PETITION FOR REVIEW DENIED.**